UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

FRANCISCO J. PEREZ
and other similarly-situated individuals,

    Plaintiff (s),

v.

LOOMIS ARMORED US, LLC

    Defendant.
_____/

# COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff FRANCISCO J. PEREZ, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendant LOOMIS ARMORED US, LLC, and hereby alleges the following cause of action:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337, the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 (b) for jurisdictional placement)("the Act").

2. Plaintiff FRANCISCO J. PEREZ is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court, and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant LOOMIS ARMORED US, LLC (hereinafter LOOMIS ARMORED) is a Florida corporation, having its main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant. Defendant is within the jurisdiction of this

Honorable Court and at all times material hereto was and is engaged in interstate commerce.

4. The actions raised in this complaint took place in Miami-Dade County Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

5. Defendant LOOMIS ARMORED is a secured transportation company engaged in the business of providing armored vehicle transportation, and protection of currency, negotiable documents, and valuables for its clients, mostly financial institutions, commercial and retail businesses. Defendant also provides other related security services.

6. Defendant LOOMIS ARMORED employed Plaintiff FRANCISCO J. PEREZ as a messenger/guard from approximately August 4, 2014 to April 12, 2015, or 36 weeks. Plaintiff was an hourly non-exempt employee, and his wage rate was $11.52 an hour. Plaintiff overtime rate should be $17.28 an hour.

7. The work of Plaintiff and other similarly situated employees did not affect the safety of operations of motor vehicles weighing more than 10,000# on transportation on public highways in interstate or foreign commerce.

8. Particularly, Plaintiff performed as a messenger most of the time, and he rode a small van weighing less than 10,000#. Occasionally, and during the same week, Plaintiff performed his duties in a vehicle weighing 10,000 # or more.

9. Plaintiff and other similarly situated messengers/guards are non-exempted by Section 13(b)(1) of the FLSA. Plaintiff and other similarly situated individuals are not within the authority of the Secretary of Transportation because they are under the "Small Vehicle Exemption" of Section 13(b)(1).

10. Consequently, Plaintiff and other similarly situated messengers/guards are covered employees under the overtime provisions of Section 7 (a) of the Fair Labor Standards Act,(FLSA) and they are entitled to be paid at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of 40 hours in a work week

11. Throughout his time of employment with Defendant LOOMIS ARMORED, Plaintiff FRANCISCO J. PEREZ worked average of 54.400 hours every week. Plaintiff was paid for all hours at his regular rate. However, Plaintiff was not paid at the rate of one and a half times his regular rate, for every hour in excess of 40 in a week period as provided by Federal law.

12. Plaintiff seeks to recover half-time unpaid overtime wages accumulated since his first day of employment, and any other relief as applicable by law.

13. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

<u>**COUNT I:**</u>
<u>**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**</u>
<u>**FAILURE TO PAY OVERTIME**</u>

14. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-13 above as if set out in full herein.

15. This action is brought by Plaintiff FRANCISCO J. PEREZ and those similarly-situated to recover from the Employer unpaid half-time overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §

207.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

16. The employer LOOMIS ARMORED was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant provides armored car transportation services, and through its business activity, affects interstate commerce. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employers/Defendant was at all times material hereto in excess of $500,000 per annum. Defendant's business activities involve those to which the Fair Labor Standards Act applies.  Therefore, there is enterprise coverage

17. Plaintiff was employed by an enterprise engage in interstate commerce and through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated directly in interstate commerce, by handling and transporting, currency, checks and valuables for further movement or transmittal to out of state entities. These activities

constitute practical continuity of movement across State lines. Therefore, there is individual coverage.

18. Defendant LOOMIS ARMORED employed Plaintiff FRANCISCO J. PEREZ as a messenger/guard from approximately August 4, 2014 to April 12, 2015, or 36 weeks. Plaintiff was an hourly non-exempt employee, and his wage rate was $11.52 an hour. Plaintiff overtime rate should be $17.28 an hour.

19. While employed by Defendant, Plaintiff worked an average of Fifty Four hours and Twenty Four minutes (54.400)hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed.  Plaintiff was employed as a non-exempt "messenger" hourly employee, performing the same or similar duties as that of those other similarly-situated personnel who Plaintiff observed worked in excess of 40 hours per week without being paid overtime hours.

20. Plaintiff was entitle to be paid for overtime hours because of the "Small Vehicle exemption" of Section 13 (b)(1) of the FLSA.

21. Defendant's failure to pay Plaintiff and all current and former employees similarly situated, compensation at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the 40 hour workweek, is contrary to the provisions of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a) (1)).

22. The records, concerning the number of hours actually worked by Plaintiff, and all other similarly- situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant.

23. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

* Calculations has been made based in the total working hours paid to Plaintiff at his regular rate, as shown in Plaintiff's paystubs.

   a. <u>Total amount of alleged unpaid wages</u>:

   Two Thousand Nine Hundred Eighty Five Dollars and 84 /100 ($2,985.84)

   b. <u>Calculation of such wages</u>:

   Total Time of employment: 36 weeks
   Total average hours worked: 54.400 in a week period
   Total overtime hours: 14.400
   Regular rate:  $11.52 x 1.5= $17.28
   O/T rate: $17.28- $11.52 O/T rate paid=$5.76 difference

   $5.76 x 14.400= $82.94 weekly x 36 weeks = $2,985.84

   c. <u>Nature of wages (e.g. overtime or straight time)</u>:

   This amount represents the unpaid half-time overtime.

24. At all times material hereto, the Employer/Defendant LOOMIS ARMORED failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.  The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

25. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement

of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

26. Defendant LOOMIS ARMORED willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above.

27. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff FRANCISCO J. PEREZ and other similarly-situated individuals and against the Defendant LOOMIS ARMORED, on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff FRANCISCO J. PEREZ actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

trial by jury of all issues triable as of right by jury.

DATED: February 29, 2016

                                                Respectfully submitted,

                                                By: **/s/ Zandro E. Palma**
                                                ZANDRO E. PALMA, P.A.
                                                Florida Bar No.: 0024031
                                                9100 S. Dadeland Blvd, Suite 1500,
                                                Miami, Florida, 33156
                                                Telephone: (305) 446-1500
                                                Facsimile:  (305) 446-1502
                                                zep@thepalmalawgroup.com
                                                *Attorney for Plaintiff*